In the Matter of Elmer F. Andrews, Industrial Commissioner, Respondent, against North Shore Country Club, Employer, Appellant, and Lakeville Club (New York Investors, Inc.) and St. Andrews Golf Club, Employers.— This is an appeal by the North Shore Country Club from a decision of the Unemployment Insurance Appeal Board, holding that the caddies of the North Shore Country Club are employees of the club within the meaning of the Unemployment Insurance Law. The evidence in the record supports the conclusion reached by the Board that the caddies were employees of the North Shore Country Club. Decision of the Appeal Board affirmed, with costs. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

In the Matter of the Application of Charles S. Butler, Doing Business under the Firm Name and Style of Branglebrink Farm, Employer, Appellant, for a Hearing before Frieda S. Miller, Industrial Commissioner, Respondent, under Section 523 of the Unemployment Insurance Law.— The employer appeals from a decision of the Unemployment Insurance Appeal Board which determines that he is an employer within the meaning of the Unemployment Insurance Law and that his employees are not farm laborers. He operates a farm containing about 470 acres at St. James, Long Island, where he maintains a dairy of eighty-six cows and three bulls. He has horses necessary for the conduct of the farm. Much of the feed consumed by the cows is grown upon the farm. He employs a bookkeeper, four milking machine operators, a herdsman, a stableman, two tractor drivers, three drivers for his milk wagons and six other persons who work upon the farm, and a collector, who also worked on the farm. Some of the milk is sold in the raw state, some after being pasteurized, and some is separated and the cream sold. The customers very largely are individual householders although a small portion is sold to grocers for resale. The milk is sold at seventeen cents a quart. With that figure in mind and the average production of dairy cows, the total receipts of about $50,000 indicate that substantially all of the business conducted is the production and sale of milk. A small quantity of eggs are purchased by the employer and resold " for the convenience of customers," but a computation indicates that the other business is inconsequential in extent. The sale of farm products is an incident and corollary to the production. Farming, when conducted in a business-like manner, does not lose its identity. An employee who keeps records concerning the production of farm produce and its sale is engaged in tilling the soil as well as the employee who stirs the surface of the earth with a hoe. The acts are interrelated and on a farm of the size owned by this employer, conducted as he conducted the business, the scrivener and accountant are as necessary as the cultivator. Decision reversed, with costs against the Industrial Commissioner. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.