In the Matter of the Claim of CHARLOTTE DOYLE, Respondent, against CENTURY CIRCUIT, INC., and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award for death benefits in favor of a dependent mother of the deceased employee. The employer was engaged in the business of conducting a motion picture theatre. Decedent was employed as a manager. On September 5, 1932, while decedent was engaged in the regular course of his employment an explosion occurred in the theatre resulting in injuries to several patrons. The State Industrial Board found that while decedent was lifting and carrying a woman patron from the orchestra of the theatre to another room he suffered a strain which resulted in a right inguinal hernia and that operative interference became necessary, and that following such operation and as a result thereof the decedent died. The Board also found that decedent's mother was dependent upon his services. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of TEDDY PIUSINSKI, Respondent, against TRANSIT VALLEY COUNTRY CLUB and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made against employer and insurance carrier for compensation to claimant for disability. Claimant was employed as a golf caddy. He was injured while engaged in a practice game with other caddies, and as a result of such injury lost an eye. The sole question involved is whether the accident arose out of and in the course of his employment. Although not required to play, a fair inference of fact may be drawn from the evidence that he and other caddies were encouraged to play each Monday morning. Such practice was not only for their own amusement but tended to make them more efficient caddies. Moreover, under a rule of the employer, they were then under the rule and supervision of the caddy master. Under such circumstances claimant was not outside of his employment. (*Matter of Holst* v. *New York Stock Exchange*, 252 App. Div. 233; *Matter of Kenny* v. *Lord & Taylor, Inc.*, 254 N. Y. 532.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award and dismiss the claim on the ground that the accident did not arise out of and in the course of his employment.