In the Matter of the Claim of ANNA FAGAN and DANIEL FAGAN, Respondents, against ALBANY EVENING UNION COMPANY and THE HARTFORD ACCIDENT & INDEMNITY COMPANY OF HARTFORD, CONN., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award of the State Industrial Board affirming a referee's decision and award of death benefits under the Workmen's Compensation Law. The deceased was twelve years of age at the time of his death and resided with his parents. He was a newspaper route boy selling to his customers the *Times-Union*, a newspaper published by the employer. On June 6, 1937, a carrier boys' picnic was held at Warner's Lake. This picnic was arranged by the manager of the branch in which the deceased was employed, but the picnic was held for the carrier boys from other branches of the same employer as well as the one in which the deceased was employed and the boys were carried to the picnic grounds by the trucks of the employer. The boys in the decedent's branch were told to be at the office at nine A. M. Decedent was picked up at his home in accordance with a prearrangement. The boys were told in advance that they were going to have hot dogs and soda and there was going to be swimming. Upon arriving at the picnic grounds they played ball, partook of refreshments and were permitted to swim in the lake or hire a boat. Decedent was one of several boys who went swimming and while swimming was drowned. It is obvious that the picnic was one of the activities maintained by the employer for the purpose of developing better service and greater interest on the part of the newspaper carriers and for its own ultimate benefit. Award affirmed, with costs to the State Industrial Board. (*Matter of Kenney* v. *Lord & Taylor*, 254 N. Y. 532; *Matter of Holst* v. *New York Stock Exchange*, 252 App. Div. 233; *Matter of Piusenki* v. *Transit Valley Country Club*, 259 id. 765; affd., 283 N. Y. 674; *Matter of Huber* v. *Eagle Stationery Corporation*, 254 App. Div. 788.) Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim on the ground that the accident did not arise out of and in the course of his employment.

In the Matter of the Claim of JOSEPH LANZETTA, Respondent, against ALLIED DECORATING Co., INC., and THE ASSOCIATED INDEMNITY CORPORATION, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from an award in claimant's favor. Claimant entered the employ of his employer on April 24, 1939. About a week later he contracted dermatitis venenata, an occupational disease. The disease became progressively worse until October 19, 1939, when claimant became disabled. At the time claimant's disability began October 19, 1939, his employer was insured by the Associated Indemnity Corporation, the appellant. Coverage by this carrier began on September 9, 1939. Prior to this date, and in May, 1939, when the disease was contracted, the employer was covered by the State Insurance Fund. The appellants contend that the award should be charged against the carrier who insured the employer at the time the disease was contracted. The award was properly made against appellants, including the carrier which insured the employer at the time claimant's disability began. (Workmen's Comp. Law, § 38; *Matter of Larkow* v. *Standard Mirror Co.*, 251 App. Div. 762.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.