Foster, J.
Claimant appeals from a decision of the Workmen’s Compensation Board which disallowed her claim for compensation. She was employed as a teacher by the Board • of Education of the Town of Tonawanda, New York, in the Kenmore School Department. While attending a meeting of the Kenmore Teachers’ Association in an auditorium in one of the school buildings she fell and broke her left leg. The board has held that the accident did not arise out of and in the course of her employment. It should be noted that the State Insurance Fund is the carrier.
A decisive issue in this claim is whether membership in the teachers’ association was compulsory. In determining whether an employee was engaged in her employment when taking part in some activity that was not a part of her direct duties it is frequently necessary to ascertain whether the employee was under any form of compulsion on the part of the employer. In view of the employee’s subordinate position compulsion may be direct or indirect, and may range in degree from a mere suggestion to a direct order. It may even arise *169 from encouragement only. Perhaps such nuances would not generally be considered as being within the field of compulsion in the ordinary sense of the term, but allowance must be made for them in the relationship between employer and employee, otherwise the employer has directive authority without a corresponding responsibility. And if the slightest degree of compulsion is practiced by employer then it must be presumed that the activity engaged in is incidental to the interests of the employer and therefore a part of the employee’s work. In several cases this issue has been so determined.
A locker boy, permitted to use a swimming pool maintained by the employer on the premises, was held entitled to compensation for an injury received when using the pool during recreation hours (Matter of Dowen v. Saratoga Springs Commission., 267 App. Div. 928). The death of a newspaper boy while attending a picnic was held compensable (Matter of Fagan v. Albany Evenuing Union Co., 261 App. Div. 861). A page boy employed by the New York Stock Exchange, while playing on a soccer team maintained by the Exchange, recovered compensation for an injury (Matter of Holst v. New York, Stock Exchange, 252 App. Div. 233). Injury sustained by a golf caddy while engaged in a practice game with other caddies was held compensable, even where he was not required to play but merely encouraged to do so (Matter of Piusinski v. Transit Valley Country Club, 259 App. Div. 765, affd. 283 N. Y. 674). An employee dancing after a dinner given by her employer to the employees of a store was held entitled to an award (Matter of Kenney v. Lord & Taylor, Inc., 254 N. Y. 532).
In this case the board made no finding as to compulsion or the absence thereof. In its memorandum decision it did state: “ On cross-examination, the witness stated it is not compulsory for the teachers to j oin the association. ’ ’ The record does show that when claimant was asked whether attendance at the meetings of the association was more or less compulsory she replied: “I cannot say that it is compulsory, it is definitely urged.” But it is obvious that she used the term in its most narroAV and rigid sense. The board apparently adopted the same construction, erroneously we think, and failed to give any consideration to a more elastic conception of the term.
While we have no power to pass upon the weight of evidence we can note that the failure of the board in the respect mentioned is of decisive importance as related to the evidence the board may have believed. There is evidence that the *170 association of teachers was sponsored by the board of educa-' tion; that its membership included teachers, principals and supervisors representing the schools in each school system; that the superintendent of schools attended its meetings; that meetings were held at various school buildings after classes were dismissed; that educational policies were discussed at meetings, and other matters of interest to teachers and the board of education as well, and that messages from the board of education to the teachers were conveyed at meetings through the medium of the superintendent of education. The district clerk for the board of education testified that he sent out notices for the meetings of this organization. He also said that its meetings contributed to a better understanding between the school officials, the school board, and the rank and file of the school teachers. Of more importance he testified that membership in the association was one of many activities that teachers were expected to engage in.
In view of the foregoing we think the board decided the claim on an erroneous theory of law. The decision should be reversed and the matter remitted to the board for further consideration.
Hill, P. J., Heefernan, Brewsteb and Russell, JJ., concur.
Decision of the Workmen’s Compensation Board reversed on the law, and the matter remitted for further consideration, with costs to the claimant-appellant against the State Insurance Fund.