Frank S. McCullough, J.
This is a motion by the defendant for summary judgment in an action to recover for personal injuries allegedly sustained by the plaintiff when the door of a car owned and operated by the defendant slammed shut catching the plaintiff’s middle finger of the left hand between the door jam and the door.
*165 The application is predicated primarily upon the first defense set forth in the defendant’s amended answer. By said defense, defendant asserts that under subdivision 6 of section 29 of the Workmen’s Compensation Law of the State of New York, the maintenance of this action is barred.
The aforesaid statute provides: “ 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee, is injured or killed by the negligence or wrong of another in the same employee.”
At the time of the accident, the defendant was the general manager of the Hampshire Club, Inc., which operates a golf course in Mamaroneck. For approximately five years prior to the accident, plaintiff was employed by the same country club as a caddy, it being undisputed that he had caddied for the club on the day prior to the accident.
The memorandum of law submitted on behalf of the defendant states that the caddies were under the supervision and control of the caddy master of the club, who not only hired and fired them, but also assigned them to particular members and players associated with the club; that caddies were paid by the club for their services at the rate of $2.25 per nine-hole round, which fees were charged by the club to its members, who, in turn, reimbursed the club; that, in addition, caddies earned tips from members or players to whom they had been assigned; that on the morning of December 17, 1959, the defendant picked up the plaintiff in defendant’s automobile and transported him to the country club grounds, where the plaintiff was reporting for an assignment to caddy; that the defendant’s automobile came to a stop on Cove Road, a private road maintained by and on the premises of the country club, the exact situs being opposite the first golf tee; that in alighting from defendant’s automobile, the plaintiff caught his finger in the rear door of defendant’s automobile, suffering a fracture of the terminal phalanx of his left middle finger; that after local medical treatment, plaintiff proceeded to Florida, where he submitted himself to medical treatment by two physicians, whose reports he submitted to defendant’s carrier for reimbursement of his physicians’ medical charges and to which physicians he gave the following history: “While working for Hampshire Country Club, Mamaroneck, New York, as a caddy, mashed finger in car door ” and “ while working, crushed middle finger, left, in car door.”
The moving affidavit sets forth that on the day of and prior to the accident the club was insured by the Great American Indemnity Insurance Co. for payment of compensation to all *166 its employees, including the plaintiff, who might Sustain injuries in the course of their employment, the premiums therefor being paid on an audit, with the caddy fee being figured as part of the tariff at $2 per nine-hole round.
Defendant cites several cases in support of his contention that at the time of the accident, plaintiff was an employee of the country club, including: Claremont Country Club v. Industrial Acc. Comm. of State of Cal. (174 Cal. 395); Essex County Country Club v. Chapman (113 N. J. L. 182); Indian Hill Club v. Industrial Comm. (309 Ill. 271); Piusinski v. Transit Val. Country Club (259 App. Div. 765, affd. 283 N. Y. 674) and Matter of Andrews v. North Shore County Club (258 App. Div. 1017).
The difficult question confronting the court is not whether a caddy, per se, is an employee, but whether a caddy is to be construed to fit the legal description of an employee at a time after his entry upon, the premises of the employer country club but prior to his reporting his presence to the caddy master.
Under the procedure employed at the Hampshire Country Club, the caddy reports to' the caddy master who thereafter assigns him to a player or players for a round of golf,
In the Claremont, Essex County Country Club, Indian Hill, Piusinski, and Andrews, decisions (supra), the caddy had, in each instance reported to the caddy master and made his availability known. Such Was not the case here.
The many additional eases cited by the defendant to support his position that an employed, injured on the premises of his employer while on his way to Work or leaving the premises, where the injury is caused by a coemployee, is subject to the exclusive remedy provided by subdivision 6 of section 29 of the Workmen's Compensation Law, are distinguisable by the very nature of a Caddy’s status. While coming within, the lowest common denomination, of the term 61 employee ”, a caddy’s eligibility for treatment as an employee would seem to depend uniquely on his posture at the time of the accident and on the rules, procedure and custom of the country club involved,
A person serving under a set arrangement, involving fixed hours, would naturally be considered an employee upon entering the premises of his employer to report for work. A caddy, on the Other hand, may loiter or linger on the premises of the golf course for indefinite periods, and if his presence and availability are not reported to his caddy master, could hardly be considered to be an employee during such periods. By stating this theory, the court is not attempting to state that as a matter of law, the plaintiff herein was not an employee at the time of *167 the accident. What is apparent however, is that an issue has been crystallized here which may not he summarily determined by motion, and which should await a trial wherein the rules, customs and procedures of the particular country club may be presented. It may be that upon a trial it will he determined that the plaintiff is an employee and is thereby relegated exclusively to the relief afforded by the Workmen’s Compensation Law. Nevertheless such conjecture is of no consequence in determining the instant motion where issue finding, rather than issue determining is involved.
The defendant’s attorney has presented a thoroughly researched memorandum of law in his behalf. Nevertheless, the court is constrained to rule that the question of employee status is a matter to be determined by the trial court. Accordingly, the motion is denied.