VINCENT H. DUCK, Respondent, v. PETER A. D'ANGELO, Appellant.— On this motion, it has not been established that the accident occurred on a club driveway. In his verified amended answer defendant denies any knowledge or information sufficient to form a belief as to the allegation in the complaint that " Cove Road is and was a public highway ". The difference between occurrence of the accident on the employer's property and off his property is important (*Kunze* v. *Jones,* 6 A D 2d 888, affd. 8 N Y 2d 1152). Undoubtedly, plaintiff, in his limited capacity of caddy, is an employee to whom a compensation award would be an exclusive remedy for injury sustained on the club's property while he was reporting for work as a caddy. But even if he was on the club's property at the time of the accident, it has not been established that the accident occurred in the course of his alighting for the purpose of reporting for work, as distinguished from a purpose of removing the carton at the instance and for the personal benefit of the defendant. Issues of fact are presented as to the precise place where the accident occurred, as to whether such place is the private property of the club or a public highway,

and as to the nature and purpose of plaintiff's activity when the accident occurred. Attention is called to the fact that in the determination of such issues in this common-law negligence action, the presumption created by statute (Workmen's Compensation Law, § 21, subd. 1), namely: that, in the absence of substantial evidence to the contrary, it shall be presumed that a claim comes within the purview of said statute (i.e., that it arose in the course of claimant's employment), has no application and may not be invoked (cf. *Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459, 465–466). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hopkins, JJ., concur. [32 Misc 2d 164.]