■ In the Matter of the Claim of MARY A. MACK, Respondent, v. STATE STREET MILL BARGAIN CENTER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant, employed as a clerk in a department store, was injured at a picnic sponsored by the employer. Although the picnic was off premises, on Sunday, when no salary was paid and employees furnished their own transportation, it could be found on this record that the picnic was designed to promote good will of employees and within the business interest of the employer to sponsor it. Here the picnic was organized and financed by the employer, which posted a list of employees on the bulletin board with a request for those who would attend to check off their names. In holding that attendance at the picnic was in the course of employment the board was within *Matter of Dodge* v. *Wm. J. Keller, Inc.* (279 App. Div. 959, affd. 304 N. Y. 792) and *Matter of Fagan* v. *Albany Evening Union Co.* (261 App. Div. 861). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of EDWARD ESBIN, Respondent, v. WEBB & KNAPP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant has been awarded benefits on the basis of 50% temporary partial disability for the period June 14 to December 1, 1960. Appellants argue that the medical proof does not sustain the finding of disability. There was, however, a prior award to June 14, 1960 based on a 50% disability which appellants did not contest and paid. Part of the medical opinion on which this uncontested award was made, e.g., the report of a physician who noted a "minimal" disability on May 5, 1960, which was before the Referee at the time of the award, is urged as a ground for reversing the period now under review. The failure to review that award precludes appellants as to medical facts upon which the June 14 award was made. There is adequate later medical evidence sustaining a continuance of 50% disability for the period here at issue; and in applying to the board for a review of the period considered on this appeal appellants did not raise as an issue the insufficiency of such medical proof (*Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689; motion for leave to appeal denied 9 N Y 2d 610; *Matter of Sweatt* v. *Fleshman*, 14 A D 2d 964, motion for leave to appeal denied 11 N Y 2d 642). After the award of June 14, 1960 claimant entered into a plumbing partnership with his son. He testified that with a single exception he did no actual plumbing work but supervised or solicited for the business. While the physical partial disability continued, therefore, the board upon a proper factual evaluation could find under subdivision 5-a of section 15 of the Workmen's Compensation Law, that claimant had no actual "earnings" and fix a wage-earning capacity as a basis for the 50% award. (*Matter of Geers* v. *Oswego Stevedoring & Trucking Co.*, 2 A D 2d 726; *Matter of Moynihan* v. *Turner Co.*, 282 App. Div. 974.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.