THOMAS T. RAMSDEN, an Infant, by THOMAS H. RAMSDEN, His Guardian ad Litem, Respondent-Appellant, et al., Plaintiff, v. SHAKER RIDGE COUNTRY CLUB, Appellant, and CHESTER MATUSIAK, as Guardian ad Litem of ROBERT MATUSIAK, an Infant, Respondent.— In an action to recover damages for personal injury, the parties appeal as follows: (1) the defendant Shaker Ridge Country Club appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered September 12, 1963 after trial upon a jury's verdict, as awarded $65,000 to plaintiff against it; and (2) the plaintiff cross-appeals from so much of said judgment as dismissed the complaint against the defendant Matusiak. On appeal by the defendant Shaker Ridge Country Club: Judgment, insofar as appealed from, reversed on the law and the facts, without costs, and complaint dismissed as against said defendant, without costs. On appeal by the plaintiff Thomas T. Ramsden: Judgment, insofar as appealed from, affirmed, without costs. This action arose out of a 1956 golfing accident in which the plaintiff, then 16 years of age, was struck in the eye by a golf ball propelled by the defendant Matusiak, then 13 years of age, on the privately owned course of defendant Shaker Ridge Country Club. Plaintiff was assistant caddy master for the club; and, on the afternoon of the accident, he was the acting caddy master. Defendant Matusiak was a caddy at the club. On that day both were working at the club, and both had the permission of the club's "pro" and superintendent to play a few holes that slow Friday afternoon. In our opinion, the jury's verdict in favor of defendant Matusiak may not be disturbed since it rests on a fair and proper interpretation of the evidence and since the evidence does not preponderate greatly in favor of the plaintiff (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829). Accordingly, in this respect, the judgment is affirmed. The jury's verdict in favor of plaintiff against the defendant club, however, cannot stand. In our opinion, it is against the weight of the evidence and it also conflicts as a matter of law with the exclusive remedy available to this plaintiff, namely, his workmen's compensation benefits (Workmen's Compensation Law, § 11). There is no evidence that the club inadequately supervised its golf course or permitted immature and dangerous persons to play golf thereon; and that is the essence of the claimed negligence against the club. On the contrary, the evidence demonstrated that on the day in question express permission was needed, sought and given to defendant Matusiak by the club "pro" and superintendent. Further, the defendant Matusiak was then a six-foot, two-inches tall, 165-pound caddy who had played golf and caddied for two years; he had his own set of golf clubs, and he expected to play in a caddies' tournament three days after the day on which the accident occurred. On the issue as to workmen's compensation, the following factors as a matter of law compel a finding that on the day of the accident the plaintiff's playing of golf was within the scope and within the course of his employment: He was playing on the club's private course by express permission; he was working that day in a supervisory capacity as acting caddy master and was expected to resume work within an hour; there is a fair and reasonable inference that the club had a continuing control and supervision over him for the period of his play; he was paid for the entire day; and the club benefited from his play because his increased knowledge of the game and his improved skill in playing would in time redound to the advantage of the club, its members and the caddies over whom he had supervision (*Matter of Tedesco* v. *General Elec. Co.*, 305 N. Y. 544; *Matter of Piusinski* v. *Transit Val. Country Club*, 259 App. Div. 765, affd.

283 N. Y. 674). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.