In the Matter of the Claim of FREDERICK J. HILL, Respondent, v. McFARLAND-JOHNSON, ENGINEERS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by the employer, a copartnership, and its carrier from a decision of the Workmen's Compensation Board dated August 3, 1965 which affirmed the decision of a Referee. The facts are not in dispute and the sole issue is whether there is substantial evidence to support the board's finding that claimant's accidental injuries arose out of and in the course of his employment. Claimant, a draftsman, was injured on Sunday, August 9, 1964 while driving his motor vehicle to his home from a picnic attended by 32 fellow employees and their families. A similar function had been held in 1963 and the employer had sponsored annual "company parties" for the preceding 12 years. Notices announcing the event had been posted at various points on the employer's premises. Mr. McFarland, a copartner, attended the picnic and bore substantially its entire cost, a fact of which the employees were made aware by the posting of a second notice. While attendance was not compulsory there was testimony by his superior that claimant, a relatively new employee, had been encouraged to attend the function where the opportunity would be afforded to become socially acquainted with his coemployees. We think it could be found on this record that the annual picnic, the complete cost of which the employer assumed and thereby perforce sanctioned and encouraged, had for its purpose the improvement of employee relations and the building of morale from which the employer reasonably might expect to derive some tangible benefit. The case thus falls within our holdings in *Matter of Fagan* v. *Albany Evening Union Co.* (261 App. Div. 861); *Matter of Dodge* v. *Wm. J. Keller, Inc.* (279 App. Div. 959, affd. 304 N. Y. 792) and *Matter of Mack* v. *State St. Mill Bargain Center* (17 A D 2d 1006). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.