(No. 39948.—

Lybrand, Ross Bros. & Montgomery, Appellant, *vs.* The Industrial Commission *et al.*—(Marilyn J. Muth *et al.,* Appellees.)

*Opinion filed January 19, 1967.*

SWEENEY AND RIMAN, of Chicago, (GERALD O. SWEENEY, of counsel,) for appellant.

JOHN J. SULLIVAN and FRANK WEIDNER, of Chicago, (WILLIAM J. HARTE, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The employer, Lybrand, Ross Bros. & Montgomery, appeals from a judgment of the circuit court of Cook County upholding the Industrial Commission's concurrence in an arbitrator's award of compensation for the death of its employee, John D. Muth. The sole issue on review is whether the death, resulting from injuries sustained in an auto accident which occurred while the employee was returning home from the employer's annual golf outing, arose out of and in the course of his employment under the terms of the Workmen's Compensation Act.

The employer, a large public accounting firm, each year holds a golf outing. An employee selected by the employer handles the arrangements for the affair to which employees and former employees are invited. These include retired persons and persons working elsewhere, in some cases for Lybrand's clients. The 1963 outing was held at St. Andrew's Golf and Country Club on August 23. This was a regular working day, and employees were encouraged in the invitation from the firm to so arrange their working engagements that they could attend the outing, and they were paid whether they worked or attended, but were not excused from working if they did not attend. The employer provided

the food and drinks, paid for the golf and awarded prizes for various golfing accomplishments. Starting times for golf were controlled and assigned by a committee which allowed employees to choose between a morning or an afternoon time but did not otherwise fix arrival or departure times. Employees arranged their own transportation and apparently were not reimbursed for mileage. After dinner, a partner in the firm made a short speech in which he welcomed those attending the party, expressed the hope that they had been enjoying and would continue to enjoy themselves and introduced various members of the firm. After the speech the prizes were awarded, and then those present played cards, drank, and talked, as they chose, until they decided to leave.

The decedent was personnel manager for Lybrand at the time of his death and had attended all previous outings since coming to the Chicago area. He was not urged to attend this one except by being sent a copy of the circular, received by all employees, which extended the invitation and encouraged attendance. He drove the 50 to 60 miles from his home to the club with two fellow employees, played golf with three former employees, and generally took part in the festivities. He had no special duties at the outing in connection with his work for Lybrand. He left the club around 12:30 to 12:45 A.M., with one of the fellow employees driving his (Muth's) car, and died as a result of injuries sustained in an accident which occurred during the return trip.

The employer places substantial reliance upon *Becker Asphaltum Roofing Co.* v. *Industrial Com.* 333 Ill. 340, which involves somewhat similar facts. There, the branch of the employer in which the claimant worked, in accordance with the annual practice of some branches, held a picnic for the purposes of boosting employee morale and aiding business. There was a dispute as to whether the branch manager made all arrangements himself or with agreement

of employees of the branch. The picnic was not held on a working day, but employees who attended, and some who did not, were paid for a half-day's work. Employees and their families were invited. The employer furnished soft drinks and ice cream, but the employees provided their own food and transportation and paid for contest prizes. The claimant was injured on his way to the picnic when his car was struck by a train. Circuit court affirmance of an award of compensation was reversed on the grounds that the claimant had not reached the picnic grounds and was not engaged in any work connected with his employment at the time of his injury.

Two analogous cases have come before this court in more recent times. In *Jewel Tea Co.* v. *Industrial Com.* 6 Ill.2d 304, we sustained an award of compensation to an employee who was injured in an employer-sponsored softball game. Jewel had organized a league of 15 teams, which were directed by captains appointed by each district manager. It supplied equipment, trophies, and monogrammed shirts. Team managers and Jewel's personnel chief established playing rules. The games were held at public parks, no admission being charged spectators, and Jewel publicized them and their results in various ways. Games were not played during working hours. The manager in the claimant's district prevailed upon him to join his district's team in the year he was injured. We emphasized three factors in our decision: the "significant if not tangible" benefit of improved employer-employee relations, advertising benefits to Jewel, and subtle pressures on employees to participate.

A related problem arose in *Hydro-Line Mfg. Co.* v. *Industrial Com.* 15 Ill.2d 156. There the claimant was injured while playing baseball during his lunch hour. The only employer connection with the activity was its communicated intention, never carried out, to sponsor baseball games. Employer involvement was substantially less than in *Jewel,* and we reversed the award in that case, considering important

the lack of employer encouragement, control, supervision and benefits.

The parties in this case have discussed at length the cases from other jurisdictions in which similar problems were presented. These decisions are summarized by Larson in his treatise on workmen's compensation law where he lists as the relevant questions: whether the employer sponsored the event; whether attendance was really voluntary; whether attendance was encouraged to some extent; whether the event was employer-financed to a substantial extent; whether the employees regarded the event as an employment benefit to which they had a right; whether the employer benefited tangibly, and not merely through better morale and good will, from the event. (Larson, Workmen's Compensation Law, par. 22, 23 (1965).) A review of those cases which are closest to the instant case on their facts will be of help to a determination here.

In *Kelly* v. *Hackensack Water Co.*, 10 N.J. Super. 528, 77 A.2d 467 an employee was killed in a fall. At the time of the fall he was walking from the place of his employer's annual outing to the place where a boat, which the employer had supplied for transporting his employees to the outing, was docked. The employer made all the arrangements for the outing and paid all the expenses. Employees were paid their regular wages on the day of the outing, and, if they did not attend it, they were required to work. In the course of the ride to the outing, a representative of the employer made awards for meritorious service, praised the employees for their good work and encouraged its continuation. The court held the death compensable because the outing benefited both the employer and the employees, the former through improved employee relations, and because employees were effectively compelled to attend. Considered important by the court in this case was the fact that, when the employer attempted to discontinue holding the annual outing, the employees protested, arguing that it was a

benefit to which they were entitled, and succeeded in getting it reinstated.

In a more recent New Jersey case, *Ricciardi* v. *Damar Products, Inc.* 45 N.J. 54, 211 A.2d 347, the factual situation was even closer to ours. There an employee was killed in an accident which occurred during his return from an employer-sponsored picnic which was held for the purpose of improving employee-employer relations. While an employee had suggested that the employer hold the picnic, the employer paid 98% of its cost. It was held on a nonworking day, and attendance, although urged, was not required. The employer's president spoke at the picnic, making awards for regular attendance at work. The employer supplied cars for those who could not otherwise arrange transportation, but the decedent went with a fellow employee. The court found that the picnic was held, at least in part, to further the aims of the business, and it therefore held the death compensable. The court said that the decedent was covered, while traveling home from the picnic, by the special-mission exception to the rule which generally precludes recovery for injuries incurred while going to and coming from work.

Several New York cases involving facts closely resembling those of the case now before us have sustained awards. Most helpful of these cases are *Hill* v. *McFarland-Johnson Engineers,* 269 N.Y.S. 2d 217; *Mack* v. *State Street Mill Bargain Center, Inc.* 233 N.Y.S. 2d 810, and *Fagen* v. *Albany Evening Union Co.* 24 N.Y.S. 2d 779. In *Hill,* an employee was injured while driving home from an annual company picnic. The employer paid almost the entire cost of the picnic and did not compel its employees to attend. The injured employee, being relatively new in the company, was encouraged to attend so he could become acquainted with his co-employees. The court said it could be found that the picnic was intended to improve employer-employee relations and build morale, and some tangible benefits could reasonably be expected by the employer. In *Mack,* an em-

ployee was injured at a picnic which was organized and sponsored by his employer. It was held on a Sunday and employees were not compensated for attendance. Employees had to supply their own transportation. The court said that it could be found on the record that the picnic was designed to promote good will and that it was within the business interest of the employer to sponsor it. In *Fagen,* an employee drowned at an employer-arranged picnic. The employer provided transportation and refreshments. The court said it was obvious that the picnic was designed to develop better service and greater interest on the part of employees for the ultimate benefit of the employer.

In *Miller* v. *Keystone Appliances, Inc.* 133 Pa. S. 354, 2 A.2d 508, an employee died as a result of injuries sustained in an auto accident which occurred while he was going home from an employer-sponsored picnic. The picnic was given so that employees could get better acquainted and co-operation would be enhanced. The employer made the arrangements and paid for entertainment and refreshments. It closed its offices for the day, but paid its salaried staff. Employees had to supply their own transportation. The president of the company made a speech in which he outlined salesmen's work, asked for co-operation and expressed hopes for the future. The court reinstated an award of compensation.

In *United Parcel Service* v. *Industrial Accident Com.* 172 Cal. App. 2d 73, 342 P.2d 41, an employee was injured while participating in an athletic contest at his employer's annual picnic. The picnic was held on a nonworking day off the employer's premises. Employees were neither paid for attendance nor penalized for nonattendance and had to supply their own transportation. In annulling a compensation award, the court recognized that an award would have been proper if the employer had expressly or impliedly required attendance, if the employer was benefited by participation beyond the intangible value of improved employee

health and morale common to all kinds of recreation, or if the activity was contemplated by the contract of employment and part of the consideration for it.

Recovery was not allowed in three other like cases. In *Campbell* v. *Liberty Mutual Ins. Co.* (Tex.) 378 S.W.2d 354, an employee drowned at a company-sponsored weekend outing. It began after work had ended on a Friday and was noncompulsory. No remuneration was given for attendance. The employer did not conduct or intend to conduct business at the outing, and the decedent was not asked to perform any service for the employer while there. The court said that the fact that the outing was intended to effect a good relationship between the employer and the employees did not make the death compensable. In *Stout* v. *Sterling Aluminum Products Co.* (Mo.) 213 S.W.2d 244, the claimant fell and injured himself while walking away from the grounds of his employer's annual picnic. The employer provided the food, refreshments and entertainment, but did not oblige employees to attend or provide transportation. It closed its plant that day and paid no wages to attendants or nonattendants. The picnic was intended to promote good will and fellowship among employees. In following *Becker Asphaltum Roofing Co.* v. *Industrial Com.* 333 Ill. 340, the court emphasized that employees were neither compelled to attend nor penalized for failure to attend and that the employer did not control employees activities during the day. In *Wooten* v. *Roden,* 260 Ala. 606, 71 S.2d 802, an employee was injured while riding in a company car on the way to a supper party held by his employer for male employees. Attendance at the dinner was not compulsory, compensation was not affected by attendance, no employees worked the night of the party, and gifts, which were given to attending employees at the dinner, were also given to those who did not attend. The owner of the business said he planned to discuss business and praise employees for past work at the dinner, but that this was not the reason it was given.

One important factor distinguishes the instant case from those in which compensation was denied; here attendance was not without substantial employer compulsion. The golf outing was held on a working day, and employees who did not attend were required to work at their regular duties. This is the same type of effective compulsion that was present in *Kelly* v. *Hackensack Water Co.* 77 A. 2d 467. While some cases have allowed compensation when no such influence was present, none have denied compensation when it was present. Besides the compelling influence to attend, important also are the facts that the employer sponsored, arranged, and wholly financed the outing. Moreover, it is fair to assume that the employer obtained the "significant if not tangible" benefit of improved employee relations (*Jewel Tea Co.* v. *Industrial Com.* 6 Ill.2d 304), and we believe the spirit and philosophy of that case controlling here. We believe our earlier *Becker* decision clearly distinguishable from the case now before us. *Becker* involved predominantly a family-oriented picnic and employer participation and control substantially different from that here. Only employees and their families were there invited. Here, the gathering was limited to employees, past and present, and we think it of some significance, in terms of employer benefit, that an appreciable number of those invited and attending were former employees now employed by those with whom Lybrand presently does business. In *Becker,* the employees furnished transportation, food, and paid for prizes. Here, everything except transportation was furnished. Employees in the case before us were obligated to work unless they attended the outing. In *Becker,* no such obligation existed since the picnic was on a holiday, and business was suspended. While the extent to which detailed arrangements and control of the picnic in *Becker* were vested in management is unclear, no such uncertainty as to arrangements and control of the outing exists here.

We now turn to the question of whether compensation

should be denied because the accident occurred while Muth was traveling home from the outing and not while he was at the outing. We need not long pause on this issue in light of our recent decisions in *Urban* v. *Industrial Com.* 34 Ill.2d 159, and *Sjostrom* v. *Sproule,* 33 Ill.2d 40. We have determined that attendance at the outing was incidental to the decedent's employment. The site of the outing was selected by the employer. Attendance necessitated travel to a place and in a manner other than normal for decedent, who rode the train to and from work, and *Urban* and *Sproule* make it abundantly clear that the ordinary "going and coming" rule denying compensation where the injury occurs while the employee is traveling between his residence and normal place of employment does not apply where the travel is to a place other than the normal place of employment and undertaken incidentally to the employment and for the accommodation of the employer.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*