WILLIAM WOODRUM, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Bunn-O-Matic, Appellee).

Fourth District (Industrial Commission Division)    No. 4—02—0201WC

Argued October 30, 2002.—Opinion filed January 23, 2003.

562

[REDACTED]

McCULLOUGH, P.J., dissenting.

[REDACTED]

Jack D. Davis, of Law Offices of Frederic W. Nessler, of Springfield, for appellant.

Stephen P. Kelly, of Knell & Kelly, L.L.C., of Peoria, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

William Woodrum filed an application for adjustment of claim against his employer, Bunn-O-Matic, alleging that he sustained an injury to his right knee arising out of and in the course of his employment while playing basketball at a company picnic on September 18, 1998. The matter proceeded to a hearing where an arbitrator found that claimant's injury did not arise out of and in the course of his employment and denied benefits. The arbitrator reasoned that claimant's decision to play basketball while at the picnic was voluntary and thus his injuries were not compensable. Claimant appealed the arbitrator's decision to the Illinois Industrial Commission (Commission). The Commission affirmed the decision but upon a different rationale. The Commission held that, under section 11 of the Workers' Compensation Act (the Act) (820 ILCS 305/11 (West 1998)), if claimant's attendance at the picnic was mandatory, then his injuries were compensable, regardless of whether his participation in the basketball game was voluntary. The Commission then determined that claimant's attendance at the picnic was not mandatory, and thus any injury incurred at the picnic did not arise out of and in the course of his employment.

Claimant appealed to the Sangamon County circuit court, which confirmed the Commission's decision. Claimant then filed this appeal. We reverse and hold that where an employee must chose between forgoing pay or benefits and attending a company-sponsored recre-

ational program, the employee is, as a matter of law, assigned to attend the function. Any injuries incurred while at the function will be said to arise out of and in the course of employment.

The facts herein are undisputed. Claimant, a 30-year-old factory laborer, attended a company-sponsored picnic on September 18, 1998, which had been designated "Zero Defects Day" by the employer. On that day the company held a picnic on company premises. It was a regular workday. The employees were informed that they could attend the picnic or take a personal or vacation day if they chose not to attend. Employees who chose not to attend the picnic were not subject to discipline. During the picnic, the employer provided areas in which the employees could participate in a variety of activities, including volleyball, touch football, basketball, horseshoes, wall climbing, and simulated sumo wrestling.

Basketball was played on an outdoor parking lot. Claimant testified that he was playing basketball when his right foot landed on a rock, causing his right knee to twist and pop. He subsequently sought medical treatment and underwent knee reconstruction surgery. He returned to work after approximately three weeks. His claim for benefits involved approximately $29,000 for medical care.

Scott Lee, safety manager for the employer, testified that some departments of Bunn remained in operation during the picnic. Employees in those departments could report to work or attend the picnic. Those employees whose departments were closed, such as the claimant, were required to either attend the picnic, take a personal/vacation day, or go without pay for that day. Lee testified that an unspecified number of employees chose to take time off rather than attend the picnic.

With regard to the employer's purpose in sponsoring the picnic, Lee testified that the employer hoped to build up employee morale and increase productivity by rewarding the employees with a picnic.

■ Compensability in this matter is controlled by section 11 of the Act, which states in pertinent part: "Accidental injuries incurred while participating in voluntary recreational programs including but not limited to athletic events, parties and *picnics* do not arise out of and in the course of the employment even though the employer pays some or all of the cost thereof. This exclusion shall not apply in the event that the injured employee was *ordered or assigned* by his employer to participate in the program." (Emphasis added.) (820 ILCS 305/11 (West 1998)).

Here, the Commission was correct in finding that the arbitrator had erred in focusing upon the nature of claimant's participation in the basketball game while at the picnic. The Act specifically lists a

564

picnic as a "program" covered by section 11. The case law is clear that "[e]xcept to the extent that an employee is ordered or assigned by the employer to participate in the program, injuries occurring during the course of recreational events are simply not compensable irrespective of whether it may be said they arise out of and in the course of employment." *Kozak v. Industrial Comm'n*, 219 Ill. App. 3d 629, 633 (1991).

The pivotal issue that determines whether a recreational activity, such as the picnic in the instant matter, is within the coverage of the Act is whether the employee is "ordered or assigned" to participate in the activity. *Pickett v. Industrial Comm'n*, 252 Ill. App. 3d 355, 358 (1993). If claimant was "ordered or assigned" to attend the picnic, injuries incurred while at the picnic are said to arise out of claimant's employment. Conversely, if he was not so ordered or assigned to attend the picnic, injuries incurred while at the picnic do not arise out of claimant's employment.

Whether an employee has been ordered or assigned to participate in an activity is usually a question of fact to be determined by the Commission, and the Commission's finding will not be set aside upon review, unless it is contrary to the manifest weight of the evidence. *Pickett*, 252 Ill. App. 3d at 357. Even where the facts are undisputed, as in the instant matter, if such facts permit more than one reasonable inference, then a question of fact is presented, and the conclusion of the Commission will not be disturbed by a reviewing court unless it is against the manifest weight of the evidence. *Pickett*, 252 Ill. App. 3d at 357. However, if the undisputed facts are susceptible to but a single inference, the issue becomes a question of law subject to *de novo* review. *Fischer v. Industrial Comm'n*, 142 Ill. App. 3d 298 (1986).

■ Here, we find that the undisputed facts are susceptible to but one inference, *i.e.*, that claimant was assigned the task of attending the picnic on the day in question and was thus, as a matter of law, entitled to benefits. Where an employee must either go without pay or give up personal/vacation time in order to opt out of attending a company picnic, there is only one single inference that can be drawn from that fact, *i.e.*, the employee was ordered or assigned the task of attending the picnic that day. It was as if the claimant's job assignment for that day was to attend the picnic. Just as on any normal workday, claimant had a choice. He could either report to his assigned duties for the day, *e.g.*, assembly line worker, or if he did not wish to work that day, he could take a personal/vacation day to receive pay for that day or he could receive no pay for that day. By forcing claimant to choose between a personal/vacation day or no pay if he did not wish to attend the picnic, the employer forced him to either attend or give up pay or a benefit, *i.e.*, a day of paid time-off at his choosing. By forcing

an employee to choose between attending the company picnic or giving up a benefit, the employer essentially ordered attendance. We find that requiring the claimant to forego pay or to lose a benefit (vacation/ personal day) by not attending the picnic, as with any normal workday, is sufficient indicia that the employer ordered or assigned claimant's attendance at the picnic.

*Lybrand, Ross Bros. & Montgomery v. Industrial Comm'n*, 36 Ill. 2d 410 (1967) a case that predates section 11, is instructive. In *Lybrand*, the court found substantial evidence that the injured employee was mandated to attend a company-sponsored golf outing from the fact that the outing was held on a workday and employees who did not attend the outing were required to work at their regular duties. *Lybrand*, 36 Ill. 2d at 418. While the holding in *Lybrand* is not controlling, it does provide us guidance on the question of whether requiring employees to take personal/vacation time to miss the company-sponsored event constitutes ordering attendance.

For the foregoing reasons, the order of the circuit court of Sangamon County confirming the Commission's decision is reversed and the cause is remanded to the Commission for further proceeding consistent with this disposition.

Reversed and remanded with directions.

HOFFMAN, O'MALLEY, Jack, and GOLDENHERSH, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:
The circuit court's order confirming the Commission's decision should be affirmed.

The parties agree that the proper standard of review is whether the Commission's decision is against the manifest weight of the evidence. Claimant takes issue with the inferences the Commission made in determining that claimant was not ordered to attend the picnic, while the employer maintains that the Commission's inferences were supported by the manifest weight of the evidence.

Claimant suggests that *Auto-Trol Technology Corp. v. Industrial Comm'n*, 189 Ill. App. 3d 1065 (1989), supports his position that the Commission erred in denying benefits. In *Auto-Trol*, an employee was injured at a company picnic. The Commission determined the injury was compensable under section 11 of the Act. 820 ILCS 305/11 (West 1998). On the pivotal issue of whether the employee was ordered or assigned to attend the picnic, the Commission noted that when informed of the picnic, the claimant therein inquired whether attendance at the picnic was mandatory. His supervisor responded

" 'that it would serve his career very well if he attended [the] function.' " *Auto-Trol*, 189 Ill. App. 3d at 1067. The Commission also noted testimony from a coworker that, when he informed his supervisor the picnic conflicted with his previous plans, the supervisor responded, " '[N]o, you will be there.' " *Auto-Trol*, 189 Ill. App. 3d at 1067. The Commission also found significant that the only two employees who were excused from attending the picnic were one whose wife was expecting a baby and another who was in a family wedding. *Auto-Trol*, 189 Ill. App. 3d at 1067-68.

In affirming the Commission, the appellate court in *Auto-Trol* found this record was sufficient to allow the Commission to determine that attendance at the picnic was ordered and assigned. *Auto-Trol*, 189 Ill. App. 3d at 1070. The statement that attendance would " 'serve his career very well' " and the unequivocal order to the coworker, along with the fact that only the most extreme of family events (childbirth and being a member of a wedding party) would excuse attendance, allowed the Commission to infer that attendance at the picnic was mandatory. The court also noted the clear business purpose of the company picnic, where business was discussed between sales staff and engineering staff, further supported a finding that attendance at the picnic was ordered. *Auto-Trol*, 189 Ill. App. 3d at 1070.

In *Auto-Trol* the clear business purpose of the picnic, along with other evidence concerning the employer's desire that employees attend the picnic, supported an inference that the claimant therein was ordered to attend the picnic. Here, in contrast, only a vague statement that it was hoped by the employer the picnic might somehow improve overall morale and the fact that if an employee chose not to attend the picnic he would have to use a personal/vacation day in order to be paid would support a finding that attendance was ordered. But a finding that claimant was not ordered to attend the picnic can also be inferred from the lack of a clear business purpose to the picnic and the fact that employees could opt out of attendance by simply taking the day off, without the imposition of any form of discipline. Under a manifest weight of the evidence standard of review, it would appear, as in *Auto-Trol*, that more than one inference can be made from the record and that the Commission's inferences that claimant was not ordered to attend the picnic is supported by the manifest weight of the evidence.

The order of the circuit court should be affirmed.