WILLIAM GOODEN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Allstate Insurance Co., Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—05—3756WC

Opinion filed July 12, 2006.

Alan A. Blum, of Alan A. Blum, P.C., of Waukegan, for appellant.

Thomas J. Doell, of Galliani, Doell & Cozzi, Ltd., of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

William Gooden filed an application for adjustment of claim seeking workers' compensation benefits from his employer, Allstate Insurance Company, for injuries he sustained while participating in a company picnic. The matter proceeded to an arbitration hearing where the arbitrator found that Gooden's injuries were not compensable because they did not arise out of and in the course of his employment. Gooden appealed to the Illinois Industrial Commission,[1] which affirmed the arbitrator's decision. He then appealed to the Cook County circuit court, which confirmed the Commission's decision. He now brings this appeal, and we affirm.

## FACTS

At the time in question, Gooden worked for Allstate as a senior business machine operator and had concurrent employment with Marriot Corporation as a loss prevention officer.

July 21, 2000, was a regularly scheduled business day for Gooden at Allstate. He spent the first four hours of the day attending a company picnic and the remaining four hours working at his machine. He was paid his regular salary for the entire day. Prior to the picnic, a member of Allstate's management gave Gooden a choice: he could attend the picnic for half the day and work the other half, or he could forego the picnic and work his regular job all day. He was required to make his decision approximately one week beforehand so Allstate could arrange an orderly production process on his machine for the picnic day. He chose to attend the company picnic (as he had done for approximately 10 years). He was not ordered or assigned to do so; he simply chose to attend rather than working the first four hours of his shift. Neither was there any punishment or repercussion for employees who chose to work rather than attend the picnic.

The picnic occurred on Allstate's grounds, it was attended exclusively by Allstate employees, and Allstate provided all the materials and equipment. During the picnic, Gooden participated in recreational activities such as football, an egg toss, and volleyball. He fell twice while playing volleyball, and he quit playing after the second fall because he noticed tightness in his back muscles.

Following the picnic, as noted above, Gooden worked the remaining four hours of his shift at his machine. His back worsened over the subsequent weekend, and on July 24, 2000, he informed Allstate that he was going to see a doctor. He then visited Southeastern Medical

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

Center (Hammond, Indiana) and received treatment from Doctor Pahuja.

Raul Santiago, an Allstate operations manager, testified that when the picnic was announced, employees were told they could either attend or not attend. The picnic was not mandatory, and no one was punished for choosing to not attend. Santiago reiterated that no employees were ordered, assigned, or pressured to attend the picnic; they were simply given the choice of attending the picnic for half the day and working the other half, or working a full day. All employees received their full wages for the day regardless of whether they chose the picnic.

On cross-examination, Santiago acknowledged that Allstate encouraged its employees to attend the picnic. On redirect examination he explained that the reason for the encouragement was to create a forum where Allstate could recognize their hard work.

The medical evidence shows that Gooden was diagnosed with a disc herniation at L3-L4. He underwent surgery on January 24, 2001, and testified that he still experiences some residual symptoms.

## ANALYSIS

The only issue on appeal is whether the Commission committed reversible error in finding that Gooden's injuries did not arise out of and in the course of his employment.

■ This issue turns on section 11 of the Workers' Compensation Act (Act), which reads:

"Accidental injuries incurred while participating in voluntary recreational programs including but not limited to athletic events, parties and picnics do not arise out of and in the course of the employment even though the employer pays some or all of the cost thereof. This exclusion shall not apply in the event that the injured employee was *ordered or assigned* by his employer to participate in the program." (Emphasis added.) 820 ILCS 305/11 (West 2002).

Under this statute, Gooden's injuries are not compensable unless he was ordered or assigned by Allstate to attend the company picnic. He clearly was not ordered to attend the picnic, and thus the pivotal question is whether he was assigned to attend.

Where, as here, the facts are susceptible to more than one inference, the Commission's decision is not reversible unless against the manifest weight of the evidence. *Pickett v. Industrial Comm'n*, 252 Ill. App. 3d 355 (1993). The word "assign" is defined as, "[t]o set apart for a particular purpose; designate," "[t]o select for a duty or office; appoint," or "[t]o give out as a task; allot." The American Heritage Dictionary of the English Language 79 (1969). Considering this meaning, there is no reversible error in the Commission's finding that Gooden was not assigned to attend Allstate's company picnic.

Both parties cite *Woodrum v. Industrial Comm'n*, 336 Ill. App. 3d 561 (2003), where this court reversed the Commission's finding that a claimant was not assigned to attend a company picnic. The claimant in *Woodrum* had to choose between attending the picnic or losing his pay for the day. The only way he could forego the picnic and still receive pay was to use one of his personal/vacation days. Under these circumstances, we observed:

"It was as if the claimant's job assignment for that day was to attend the picnic. Just as on any normal workday, claimant had a choice. He could either report to his assigned duties for the day ***, or if he did not wish to work that day, he could take a personal/vacation day to receive pay for that day or he could receive no pay for that day. By forcing claimant to choose between a personal/vacation day or no pay if he did not wish to attend the picnic, the employer forced him to either attend or give up pay or a benefit, *i.e.*, a day of paid time off at his choosing." *Woodrum*, 336 Ill. App. 3d at 564.

The key fact in *Woodrum* was that the employer substituted the company picnic for the claimant's regular job assignment. Everything else remained the same as any other workday—which explains why the claimant would lose pay for not attending the picnic unless he used a personal/vacation day. In the instant case, Allstate eliminated the problem identified in *Woodrum*. Rather than substituting the picnic for Gooden's regular job assignment, Allstate merely made the picnic an option or alternative.

■ Unlike the claimant in *Woodrum*, Gooden did not face the prospect of losing pay or a personal/vacation day as a consequence of foregoing the picnic. Indeed he did not face any loss or repercussion at all. If he chose not to attend the picnic, he could simply work the entire day and be paid just like any other day. These facts reveal no error in the Commission's decision that Gooden was not assigned to attend the company picnic. On the instant record, the Commission could have reasonably concluded that he made a voluntary choice. Section 11 of the Act clearly bars workers' compensation benefits under such circumstances.

## CONCLUSION

For the reasons stated above, the judgment of the Cook County circuit court, confirming the Commission's decision, is affirmed.

Affirmed.

MCCULLOUGH, P.J., and HOFFMAN, CALLUM, and GOLDEN-HERSH, JJ., concur.