FRANCES KOZAK, Widow of James Kozak, Deceased, *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.* (Material Service Corporation *et al.*, Appellees).

First District (Industrial Commission Division)   No. 1—90—1822WC

Opinion filed June 28, 1991.—Rehearing denied October 10, 1991.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago, for appellants.

Gifford, Detuno & Gifford, of Chicago, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioners, Frances and Joseph Kozak, are, respectively, the widow and son of the decedent, James Kozak. Decedent was an employee of Material Service Corporation, a subsidiary of General Dynamics Corporation. On the evening of August 22, 1983, decedent suffered a fatal heart attack while participating in a tennis round-robin tournament conducted for the purpose of selecting a tennis team to represent the respondent corporation in a national invitational championship named "Holiday Inn 1983 Corporate Invitational." This Holiday Inn tournament was managed by World Tennis Magazine and sponsored by Wilson Sporting Goods and Holiday Inn. Tournament winners would receive trophies and an all-expense paid vacation and Holiday Inn would make a special donation to the Cystic Fibrosis Foundation in the name of the winning corporation.

Petitioners filed an application for adjustment of claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). The arbitrator awarded compensation. On review, the Industrial Commission (Commission) denied benefits, finding that petitioners failed to prove that decedent suffered fatal accidental injuries

arising out of and in the course of his employment because the conduct giving rise to the death was voluntarily undertaken by decedent.

On appeal, petitioners argue that because the Commission reversed solely on the finding that the conduct was voluntary, the Commission never decided whether the activity was a recreational program and the affirmance by the circuit court does not constitute an independent determination of that issue. The only issue before this court is whether the decision of the Commission should be upheld. We affirm.

Section 11 of the Act, amended effective September 15, 1980, provides in part:

"Accidental injuries incurred while participating in voluntary recreational programs including but not limited to athletic events, parties and picnics do not arise out of and in the course of the employment even though the employer pays some or all of the cost thereof. This exclusion shall not apply in the event that the injured employee was ordered or assigned by his employer to participate in the program." Ill. Rev. Stat. 1983, ch. 48, par. 138.11.

The underlying facts pertinent to this issue are not in dispute. Edward Wilverding, director of personnel for Material Service Corporation in 1983, was primarily responsible for the organization of the tennis event in Chicago for the corporation which he coordinated during his regular working hours as personnel director. Memoranda and literature were circulated to respondent's salaried employees to determine whether they desired to participate in the round-robin tournament in order to select a two-man team to participate in further competition in Texas in the second phase of the tournament. Winners at the Texas competition would advance as General Dynamics representatives to a regional tournament in St. Louis.

The competition in Texas was held on a Friday, Saturday and Sunday, September 8, 9, 10, 1983. No wages or salary were deducted from individuals participating in the competition, and travel expenses, including accommodations and equipment, were paid by respondent. Winners of the Texas competition also had their expenses paid to the next level.

The petitioners concede the participation by the decedent in the tennis program was voluntary. Nevertheless, they argue that the program was not a recreational activity. Rather, they contend it was a promotional activity which inured to the benefit of the employer. They further argue that the Commission incorrectly presumed that the only issue it had to decide was whether decedent's participation was volun-

tary without having to analyze whether the tennis tournament was a recreational activity. While petitioners are correct that the Commission did not specifically state that the program was a recreational activity, we conclude that finding is implicit in its order and the record before us sustains that judgment.

■ Except for the payment of wages and expenses associated with the competition, the employer did not sponsor the activity. The entities organizing the tennis championship were World Tennis Magazine, Wilson Sporting Goods, and Holiday Inn. Nor is it contended that the employer compelled the employees' participation in the event. While petitioners place substantial emphasis on the alleged benefit derived from the contest by the employer, this fact, even if true, is immaterial because the current provisions of section 11 of the Act exclude from compensation injuries which occur during various leisure activities in which employees participate with the employer's blessing. Certainly, any "extracurricular" activities such as a tennis program sponsored or sanctioned by an employer for employees would be likely to improve employee morale and benefit the employer in both tangible and intangible ways such as showcasing the employer's image in customer relations and benevolence. But this would be true in every case. Otherwise, it would be irrational for the employer to engage in the conduct. We agree, as the trial court stated, "section 11 applies if an employee is injured while participating in a voluntary recreational activity regardless of the purpose of the activity."

■ Petitioners cite *Jewel Tea Co. v. Industrial Comm'n* (1955), 6 Ill. 2d 304, 128 N.E.2d 699, suggesting that the proper focus for determining whether an activity is a recreational program depends upon a consideration of the extent to which the employer is involved in organizing and overseeing the activity together with the benefit it may derive from such conduct. We do not agree. In the first instance, that decision was rendered long before the current amendment to section 11 which expressly prohibits compensation for certain recreational activities. Moreover, the supreme court in *Jewel Tea* presupposed that the activity in question, a company-sponsored baseball team, was a recreational activity. Specifically, the supreme court was asked to determine whether injuries sustained while playing baseball arose out of and in the course of employment. In this respect the supreme court stated, "A review of the cases in other jurisdictions reveals no uniform rule *** and the conclusions vary depending upon the degree of employer organization, supervision, pressure, actual or inferred, and benefit from the particular *recreational activity*." (Emphasis added.) (*Jewel Tea*, 6 Ill. 2d at 309-10, 128 N.E.2d at 702.) Thus, it is clear

the question of employer control and benefit had no bearing upon whether the activity was recreational in nature. Rather, those issues determined whether the activity arose out of and in the course of employment.

Since section 11 specifically eliminates certain activities from compensation, we need not determine whether those activities are incident to the employment. Except to the extent that an employee is ordered or assigned by the employer to participate in the program, injuries occurring during the course of recreational events are simply not compensable irrespective of whether it may be said they arise out of and in the course of employment.

Likewise, we find petitioners' citation to *Fischer v. Industrial Comm'n* (1986), 142 Ill. App. 3d 298, 491 N.E.2d 1333, to be inapposite. That case involved an employee who collapsed at a golf weekend outing sponsored by the employer. The injury occurred prior to the amendment of section 11 although disposition of the case was made after the effective date of the amendment. For purposes of our opinion, this court assumed that the law applicable at the time of the injury governed and merely stated that the then-current amendment to section 11 now excludes voluntary recreational activities from coverage.

In those cases, decided upon facts occurring subsequent to the amendment to section 11, the principal issue has been whether the activity was voluntary. (*Cary Fire Protection District v. Industrial Comm'n* (1991), 211 Ill. App. 3d 20.) This is consistent with pre-amendment cases such as *Jewel Tea* in which the inquiry typically focused on whether the activity arose out of and in the course of employment. While we agree that the extent to which an employer benefits from an employee's participation, the extent to which the employer actively organizes and runs the recreational event, and the extent to which the employer sponsors and compels attendance in the event are still legitimate inquiries, they are only important insofar as a question arises as to whether the activity is voluntary. They have no bearing whatsoever on whether the activity is a recreational program as defined by the Act.

■ Although petitioners ask that this court further define recreational activities beyond the description contained in section 11 of the Act, we decline to do so for two distinct reasons. In the first instance, it is absolutely clear in the case before us that participating in a round-robin elimination tennis tournament is an "athletic event" within the meaning of the Act. Second, any additional explication of the possible types of conduct which may be within or without the Act

would be, at best, *dicta* and, at worst, an impermissible advisory opinion in which this court may not engage.

Because tennis is a recreational activity and because the parties agree that decedent's participation in the tournament was voluntary, the present appeal is without merit.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, WOODWARD, LEWIS and STOUDER, JJ., concur.