STEPHEN C. PICKETT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (The Cook County Department of Corrections, Appellee).
First District (Industrial Commission Division) No. 1—92—1631WC

Opinion filed August 6, 1993.—Rehearing denied December 1, 1993.

Jerome E. Cihak, of Hennessy & Cihak, P.C., of Chicago, for appellant.

Karen A. Covy, Deputy State's Attorney (Frank J. Oles and John P. Carreon, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, a Cook County sheriff's department correctional officer, filed an application for adjustment of claim over injuries he received while playing in a basketball game as a member of the sheriff's department team. The arbitrator awarded benefits, concluding that the accident occurred in the course of employment due to respondent's control and supervision of, and the benefit it enjoyed

from, the operation of the team. The Industrial Commission (Commission) affirmed the arbitrator. On review, the circuit court reversed the Commission on the basis its decision was against the manifest weight of the evidence because plaintiff's participation on the team was entirely voluntary. Plaintiff appeals, contending the Commission's determination that his injuries occurred in the course of his employment was not against the manifest weight of the evidence.

The facts are largely undisputed. Claimant was employed as a correctional officer with the Cook County sheriff's department for five years prior to his accident. He was a member of the basketball team sponsored by the sheriff's department for two of those years.

The team participated in an organized league composed of members from other sheriffs' offices and correctional departments around the State and country. The sheriff's department supplied the uniforms and a gymnasium in which to practice. Claimant's team played at least once a week and was involved in a tournament at the end of the season. The team coach was a coemployee of the Cook County sheriff's office.

On July 21, 1987, during a tournament game with the Chicago police department, claimant injured his left knee while retrieving a rebound. The extent of his injuries is not at issue.

Claimant testified that the games usually occurred in the late afternoon and on occasion during normal working hours. When he had to travel with the team or play during working hours, he was allowed time off from his correctional officer duties and was paid for those hours.

On cross-examination, claimant stated that he played no role in the organization of the basketball team. He did not pay for his uniform and it was returned to the sheriff's department at the conclusion of the season. A prison gymnasium in which the team practiced was secured by the coach. Claimant's coach was not his immediate supervisor.

Claimant stated his normal work schedule consisted of four consecutive eight-hour shifts followed by two days off. He worked the same schedule during basketball season and was paid for any time he spent playing in games. If his schedule conflicted with the basketball games, he would work fewer hours at his correctional officer duties.

Claimant admitted, however, that on occasion he took personal days off to arrange his playing schedule around his normal work shift. He also conceded he was never asked by his immediate super-

visor to play on the team, was never told he had to play on the team, and was never informed that something untoward would happen if he did not play on the team. Team members were also responsible for arranging their own transportation to and from games.

The arbitrator concluded the award was compensable. The Commission affirmed the arbitrator on that issue, but reduced the amount of permanent partial benefits which had been awarded. On further review, the circuit court reversed the Commission's decision concluding there was absolutely no evidence that claimant's participation on the basketball team was anything other than completely voluntary.

The relevant statutory provision concerning recreational activities is section 11 of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.11), which provides:

"Accidental injuries incurred while participating in voluntary recreational programs including but not limited to athletic events, parties and picnics do not arise out of and in the course of the employment even though the employer pays some or all of the cost thereof. This exclusion shall not apply in the event that the injured employee was ordered or assigned by his employer to participate in the program."

In reviewing Commission decisions, we apply a familiar standard:

"The Commission's findings of fact are not to be set aside by a reviewing court unless contrary to the manifest weight of the evidence. [Citation.] Its determinations will not be set aside if they are supported by credible evidence in the record. [Citation.] Even though the facts are undisputed, where such facts permit more than one reasonable inference, then a question of fact is presented, and the conclusion of the Commission on the fact will not be disturbed by a reviewing court unless it is against the manifest weight of the evidence. [Citation.] A reviewing court will not overturn the Commission's findings simply because different inferences could be drawn, or otherwise substitute its judgment for that of the Commission." *Cary Fire Protection District v. Industrial Comm'n* (1991), 211 Ill. App. 3d 20, 25, 569 N.E.2d 1338, 1341-42.

■ Several cases have been subject to our review since the adoption of the amendment to section 11 of the Act, which excludes recreational activities from coverage. These decisions stand for the principle that an employer's support for and the benefit derived from recreational activities it sponsors is not, of itself, sufficient to

bring claimant's injury within the course of his employment. (*Kozak v. Industrial Comm'n* (1991), 219 Ill. App. 3d 629, 579 N.E.2d 921; *Chicago Transit Authority v. Industrial Comm'n* (1992), 238 Ill. App. 3d 224, 228, 606 N.E.2d 240, 243.) Simply put, accidental injuries incurred by an employee while participating in a voluntary recreational program are excluded from coverage by section 11 of the Act. *Law Offices of William W. Schooley v. Industrial Comm'n* (1987), 151 Ill. App. 3d 1069, 503 N.E.2d 1186.

Appellant focuses, as did the arbitrator and the Commission, on the control which the sheriff's department asserted over the basketball team. Among those facts over which there is no meaningful dispute is that someone within the sheriff's department organized the team, which participated in a league comprised of teams from other police departments. The sheriff's department provided uniforms to the players, and the coach was a coemployee of claimant but not his immediate supervisor. The coach was responsible for securing a gymnasium in which the team could practice and claimant was paid his regular salary during any normal working hours when he was playing with the team. Claimant's schedule was adjusted so that he could participate in games although there is some evidence, based on claimant's own testimony, that he would, on occasion, take a personal day to accommodate his working schedule with that of the basketball team.

While there is certainly evidence of control and there is no serious dispute that the employer may have received some intangible benefit by sponsoring the team, this alone is insufficient to render the injury compensable. (*Kozak*, 219 Ill. App. 3d at 632, 579 N.E.2d at 923.) The statute explicitly excludes coverage even if some or all of the costs of the recreational activity are borne by the employer.

Respondent correctly points out that the pivotal issue which determines whether the activity is within the coverage of the Act is whether the employee is ordered or assigned to participate in the activity, since this is the only exception to section 11 exclusion from coverage. *Chicago Transit Authority*, 238 Ill. App. 3d at 229, 606 N.E.2d at 243.

In its meticulous opinion, the circuit court, after examining the record, concluded there was not a scintilla of evidence that claimant's participation on the team was anything other than voluntary. He had worked for the department for five years and was only on his second year of participation on the team. Claimant did not organize the team or the league. He was never asked by his supervisor to participate on the team, was never told he had to play, and was

not advised that he would suffer some work-related detriment if he failed to play on the team. In short, the only evidence in this record is that respondent organized a basketball team and claimant voluntarily chose to be a part of that team. There is nothing to suggest that respondent did anything other than make the recreational activity available to employees who wished to participate.

For these reasons, this case is readily distinguishable from the situation presented in *Chicago Transit Authority*, where the evidence supported the conclusion that the employee was expressly recruited and hired by transit authority personnel to play basketball although he was nominally an employee of the authority. In this case, there was no such evidence, and nothing to indicate that personnel from the sheriff's department actively solicited claimant to play on the team, much less that he was ordered or assigned to do so.

■ Claimant maintains that evidence concerning respondent's control and supervision of, and the benefit derived from, the activity by the employer may be considered as part of the totality of the circumstances in determining whether the injury is compensable. Cases which support this standard, however, predate the existence of the amendment to section 11 of the Act, and it is now clear that the principle issue in determining whether recreational activities are compensable is whether the employee's participation was voluntary in the sense that it was ordered or assigned by the employer. *Kozak*, 219 Ill. App. 3d at 633, 579 N.E.2d at 924; *Cary Fire Protection District*, 211 Ill. App. 3d at 25, 569 N.E.2d at 1342; *Chicago Transit Authority*, 238 Ill. App. 3d at 229, 606 N.E.2d at 243.

While an employer's control over the recreational activity may corroborate a claim that an employee's participation was ordered or assigned, it is not, of itself, sufficient to either demonstrate that fact or support an award of benefits independent of proof of an employer's assignment or direction to participate in the activity.

In view of the foregoing, we need not consider appellant's final contention that the circuit court usurped the Commission's function by improperly drawing different inferences from the facts and making erroneous determinations of what the evidence showed with respect to the employer's control over the recreational activity. None of these alleged errors, even if resolved in claimant's favor, touch upon the central issue of whether the record is devoid of any evidence suggesting that the employer assigned or ordered claimant's participation on the basketball team.

Accordingly, we affirm the judgment of the circuit court which determined that the Commission's decision was against the manifest weight of the evidence.

Affirmed.

STOUDER and EGAN, JJ., concur.

JUSTICE RARICK, dissenting:
I believe that the Commission's decision was not against the manifest weight of the evidence and accordingly I dissent. The majority, in my opinion, misses the point when it focuses on the first sentence of the second paragraph from section 11 of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.11), which provides in pertinent part that "[a]ccidental injuries incurred while participating in voluntary recreational programs *** do not arise out of and in the course of employment even though the employer pays some or all of the cost thereof." Citing *Law Offices of William W. Schooley v. Industrial Comm'n* (1987), 151 Ill. App. 3d 1069, 503 N.E.2d 1186, the majority states: "Simply put, accidental injuries incurred by an employee while participating in a voluntary recreational program are excluded from coverage by section 11 of the Act." (252 Ill. App. 3d at 358.) I have no quarrel with this statement. The issue in this case, however, is not whether claimant's participation was voluntary, but whether his participation could reasonably be considered an assignment.

The second sentence of the second paragraph of section 11 of the Act provides that the voluntary recreational activity exclusion does not apply if the "injured employee was ordered or assigned by his employer to participate in the program." (Ill. Rev. Stat. 1991, ch. 48, par. 138.11.) The arbitrator and the Commission found that the claimant was assigned to play basketball. It is well established that a reviewing court cannot disregard or reject reasonable inferences drawn by the Commission from the established evidence merely because different or conflicting inferences might be drawn. (*Holthaus v. Industrial Comm'n* (1984), 127 Ill. App. 3d 732, 736, 469 N.E.2d 237, 239.) If the undisputed facts give rise to reasonable conflicting inferences, it is the function of the Commission to resolve the conflict and draw permissible inferences, and its decision as to the weight of the evidence will not be disturbed on review. (*Greene v. Industrial Comm'n* (1981), 87 Ill. 2d 1, 5, 428 N.E.2d 476, 477; *Old Ben Coal Co. v. Industrial Comm'n* (1991),

217 Ill. App. 3d 70, 83-84, 576 N.E.2d 890, 899.) I believe the Commission's finding that claimant was assigned to play basketball was not against the manifest weight of the evidence. The undisputed facts are that the employer sponsored a team and supplied uniforms. The employer also provided a gymnasium for the team to practice, supplied a coach, and provided transportation to and from the games. In addition, if claimant worked a schedule which conflicted with a basketball game or had to travel with the team when he was scheduled to work, he was not only allowed time off from his duties as a correctional officer, but also paid for that time. I find it incongruous for the employer to acknowledge that it paid claimant to play basketball yet argue that basketball was not part of claimant's assignment. Both the arbitrator and the Commission concluded that claimant's assignment during certain hours was to play basketball. Certainly, there are facts in the record which support that finding.

In both *Kozak v. Industrial Comm'n* (1991), 219 Ill. App. 3d 629, 579 N.E.2d 921, and *Cary Fire Protection District v. Industrial Comm'n* (1991), 211 Ill. App. 3d 20, 569 N.E.2d 1338, which were relied upon by the majority, this court held that the Commission's determination of whether the claimant was excluded under section 11 was not against the manifest weight of the evidence. *Schooley*, cited by the majority, not only fails to support the majority's position, but in fact supports the claimant's position in the instant case. In *Schooley*, an attorney was allowed to recover for injuries incurred during voluntary participation on a softball team sponsored by his father's law firm. It should also be noted that the appellate court reached this decision despite a contrary finding by the Commission. In *Chicago Transit Authority*, we affirmed the finding of the Commission that claimant was assigned to play basketball. Neither *Kozak* nor *Cary Fire Protection District* contains facts that even approach the strength of claimant's facts in this case. While *Schooley* and *Chicago Transit Authority* contain facts tending to show that those claimants were assigned to voluntary recreational programs, neither case is as strong as the facts in the case at bar.

I would reverse the judgment of the circuit court, which determined that the Commission's decision was against the manifest weight of the evidence, and reinstate the decision of the Commission.

WOODWARD, J., joins in this dissent.